The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JOHN R.E. MCGREW, | ) | CASE NO. 11-60981 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

    Debtor John R.E. McGrew (hereafter "Debtor") filed a chapter 7 petition on March 29, 2011. Debtor did not file a certificate demonstrating compliance with 11 U.S.C. § 109. Instead, he checked box three on Official Form 1, Exhibit D and indicated he requested, but was unable to obtain, credit counseling and exigent circumstances warranted exemption from the pre-filing requirement. Debtor described the exigent circumstances: "On verge of going homeless and without utilities. Have filed for VA Disability and am awaiting the outcome of such filing. Will obtain counseling as required within 30 days if waiver is granted."

    The court has jurisdiction of this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

    The Bankruptcy Abuse Prevention and Consumer Protection Act (hereafter "BAPCPA") enacted in 2005 mandated that debtors obtain counseling prior to filing bankruptcy. See 11 U.S.C. § 109(h). There are limited exceptions to the requirement.

Under 11 U.S.C. § 109(h)(2)(A), the requirement does not apply in districts where a designated official determines that adequate counseling services are not available; this exception is not applicable in this district. The other exception is found in section 109(h)(3), which provides, in relevant part, that a prefiling credit counseling certificate is not required:

> with respect to a debtor who submits to the court a certification that--
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made the request; and
>
> (iii) is satisfactory to the court.

All three prongs must be satisfied to be excused from the credit counseling requirement. *See* In re Mitrano, 2009 WL 2392030 (E.D. Va. 2009) (reporter citation not yet available) (citing Clippard v. Bass, 365 B.R. 131, 135 (W.D. Tenn. 2007) (other citations omitted)).

Upon review of Exhibit D and Debtor's motion for an exemption from the credit counseling the requirement, the Court cannot grant Debtor's request. First, Debtor does not reference specific attempts to obtain the credit counseling in accordance with section 109(h)(3)(ii). Debtor does not identify the agencies contacted or the dates of contact. Debtor bears the burden of proof of the entitlement to an "exigent circumstances" exemption, *see* In re Graham, 336 B.R 292 (Bankr. W.D. Ky. 2005), and he failed to meet his burden.

Second, financial hardship is not an "exigent circumstance." *See* In re Piontek, 346 B.R. 126 (Bankr. W.D. Pa. 2006); In re Palacios, 2008 WL 700968 (Bankr. E.D. Va. 2008) (unpublished); In re Curington, 2005 WL 3752229 (Bankr. E.D. Tenn. 2005) (unpublished). As set forth in both Palacios and Piontek opinions, the bankruptcy code requires that credit counseling agencies provide the counseling service "without regard to ability to pay the fee." 11 U.S.C. § 111(c)(2)(B). Consequently, *all* approved credit counseling agencies should provide services regardless of a debtor's ability to pay. The Court is not satisfied that Debtor's circumstances merit exemption from the pre-filing requirement.

The court provided Debtor with an opportunity to get the necessary information before the court. On April 11, 2011, the court issued an order instructing Debtor to provide the information needed to determine eligibility for exemption from the pre-filing credit counseling requirement. Debtor failed to respond and cannot demonstrate he is entitled to take the course post-filing.

In the absence of the prefiling credit counseling certificate, Debtor is not eligible to be a debtor. 11 U.S.C. § 109(h)(1). Debtor's case will therefore be dismissed.

An order in accordance with this decision shall be entered forthwith.

#   #   #

**Service List**:

John R. E. McGrew
PO Box 714
Green, OH 44232

Lisa M. Barbacci
P.O. Box 1299
Medina, OH 44258-1299

Office of the United States Trustee
201 Superior Ave., East
Suite 441
Cleveland, OH 44114